UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**HENRY LOGAN, ET AL.,**

   Plaintiffs,

v.                                  **No. 4:23-cv-01252-P**

**PEGGY LOGAN,**

   Defendant.

### ORDER ACCEPTING THE FINDINGS, CONCLUSIONS & RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs applied for leave to proceed *in forma pauperis* ("IFP") on December 18, 2023. *See* ECF Nos. 2–3. The United States Magistrate Judge issued findings, conclusions, and a recommendation ("FCR") for their IFP application the next day. *See* ECF No. 6. Plaintiffs objected (ECF No. 7), so the Court conducted a *de novo* review. Having done so, the Court **ADOPTS** the Magistrate Judge's reasoning, **ACCEPTS** the FCR's conclusions as the conclusions of the Court, and **DENIES** Plaintiffs' request for leave to proceed *in forma pauperis*. Accordingly, Plaintiffs are **ORDERED** to pay the applicable filing and administrative fees for this civil action **on or before January 5, 2024**. Failure to do so will result in dismissal of their case pursuant to Federal Rule of Civil Procedure 41(b).

### LEGAL STANDARD & ANALYSIS

The Court is tasked with the unenviable job of determining if someone is sufficiently impecunious to warrant relief under the federal *in forma pauperis* statute—28 U.S.C. § 1915 *et seq*. In a case between family members. When Plaintiffs' family has been

through vicious family-court proceedings. During the holiday season…

The Court has discretion to make this decision guided by an array of considerations and (most importantly) informed by the federal poverty guidelines. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). As explained in the FCR, Plaintiffs' long-form IFP application only included Henry Logan's financial information, but "[b]ecause the information provided by Henry Logan is sufficient to deny the *in forma pauperis* motion, the Court need not require Hannah Logan to comp[l]ete and file a separate application." ECF No. 6 at 1–2. The FCR is correct, as Henry's "annual income of $34,560 is far above the applicable poverty level." *Id.* at 2.

Plaintiffs' objection doesn't contest the FCR's factual determinations or application of law, but it nevertheless contends Plaintiffs qualify for IFP status because "Henry Logan's Income falls under 187.5% of the 2023 Federal Poverty Guidelines." ECF No. 7 at 1–2. While Plaintiffs appear to rely upon information provided by the non-profit TexasLawHelp.org, neither the relevant website nor controlling law indicates there is a threshold under 200% of the poverty line that qualifies a litigant for IFP status. *See id.* Admittedly, case law offers few bright-line rules for the Court's IFP determination. From the inception of the federal IFP statute, the Supreme Court has advised that applicants need not be "absolutely destitute" to qualify, but their income must be such that they couldn't "provide [themselves] and [their] dependents with the necessitates of life" if required to pay the relevant filing/administrative fee. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Based on Henry Logan's income alone, the FCR is correct that leave to proceed IFP should be denied. *See* ECF No. 6 at 2. While $400+ dollars is a blow to any budget, it wouldn't render the Logans incapable of providing "the necessities of life" to pay the

relevant fees on their current income (which is presumably higher once Hannah's income is accounted for). That the filing fees may necessitate belt-tightening for a potential plaintiff doesn't render that plaintiff automatically qualified for IFP status. Rather, that fact further reflects the gravitas of filing a lawsuit in federal court and suggests plaintiffs should think critically about the costs and benefits of initiating litigation.

The Court is not unsympathetic to the Logans' plight and understands this Order will not come as welcome news. While the federal IFP statute has provided unparalleled access to justice for our nation's destitute, the standards for IFP determinations could certainly be improved. *See generally* Marissa A. Smith, *America, the Land of the Fee: A Constitutional Analysis of Federal Filing Fees*, 107 CORNELL L. REV. 593, 597–605 (2022). For now, Mr. Logan's income is well above the relevant federal poverty line, which informs the Court's decision regarding all IFP applicants. Accordingly, Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED**. Plaintiffs are **ORDERED** to pay the filing and administrative fees for this civil action **on or before January 5, 2024**. Failure to do so will result in dismissal of Plaintiffs' case under Federal Rule of Civil Procedure 41(b).

**SO ORDERED** on this **29th day** of **December 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE